**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **MARVIS BOWNES,** | ) |
| **Petitioner/Defendant,** | ) |
| | ) **CIVIL NO. 06-cv-757-MJR** |
| **vs.** | ) |
| | ) **CRIMINAL NO. 03-cr-30097** |
| **UNITED STATES of AMERICA ,** | ) |
| **Respondent/Plaintiff.** | ) |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

This matter is before the Court on Petitioner's motion for relief pursuant to 28 U.S.C. § 2255. On April 29, 2003, pursuant to a plea agreement, Petitioner pleaded guilty to an information charging him with mail fraud in violation of 18 U.S.C. §§ 1341 & 2, and with engaging in monetary transactions in property derived from specified unlawful activity, in violation of 18 U.S.C. § 1957. On October 27, 2003, Petitioner was sentenced to 210 months imprisonment, five years supervised release, a fine of $200,000, and a special assessment of $200. In an amended judgment filed on February 24, 2004, Petitioner was ordered to pay restitution in the amount of $2,473,441.33 to the victims of the offenses. Petitioner appealed, and on April 26, 2005, the Court of Appeals for the Seventh Circuit dismissed the appeal upholding the appeal waiver in the plea agreement. *See United States v. Bownes*, 405 F.3d 634 (7th Cir. 2005). On October 3, 2005, the Supreme Court denied a petition for writ of certiorari. *See Bownes v. United States*, 126 S.Ct. 320 (2005). On October 3, 2006, Petitioner filed the instant motion under § 2255.

In his motion the Petitioner raises five grounds for relief: (1) the plea agreement was

unlawfully induced by duress, was not made voluntarily with understanding of the nature of the charges and consequences of the plea, and was the result of ineffective assistance of counsel, (2) the conviction was obtained by unconstitutional search and seizure, (3) he received ineffective assistance of counsel,(4) he was denied his right to appeal when he signed the plea agreement without understanding the consequences regarding appeal, and (5) the prosecution failed to disclose evidence favorable to the Petitioner.

The Court notes that Petitioner did sign a plea agreement in which he waived his rights to appeal and to collaterally attack the sentence in a motion brought under 28 U.S.C. § 2255. However, because Petitioner argues that his plea agreement was entered into involuntarily and with ineffective assistance of counsel, the Court will order further proceedings in the action. *See United States v. Behrman*, 235 F.3d 1049, 1051(7th Cir. 2000) ("Some constitutional theories-- particularly claims that the plea agreement was involuntary or the result of ineffective assistance of counsel--concern the validity of the plea agreement and thus would knock out the waiver of appeal along with the rest of the promises; all terms stand or fall together").

The Court **ORDERS** the Government to file a response to Petitioner's motion on or before **March 12, 2007**. The Government shall, as part of its response, attach all relevant portions of the record. Petitioner shall file any response on or before **April 6, 2007**.

**IT IS SO ORDERED.**

**DATED this 7th day of February, 2007.**

**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**